INDEPENDENT BEER DISTRIBUTORS ASSOCIATION *et al. vs.* LIQUOR CONTROL HEARING BOARD.

MAY 9, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari brought to review the decision of the liquor control hearing board, hereinafter called the board, quashing an amendment to Rule 53 of the rules and regulations of the liquor control administration promulgated by the administrator. We issued the writ and pursuant thereto the respondent board duly certified the appropriate records to this court for our inspection.

It appears therefrom that on September 3, 1959, the then liquor control administrator, hereinafter called the administrator, held a public hearing to consider the advisability of amending an existing regulation designated as Rule 53. The rule as it then stood placed a limit of thirty days' credit on the sale of alcoholic beverages, excluding malt beverages, from wholesalers to retail licensees. Its validity was considered and upheld by this court in *Sepe* v. *Daneker*, 76 R. I. 160, and no question is raised as to the legality of the amendment as proposed, namely, the extension of the rule to cover malt beverages.

The administrator was acting pursuant to G. L. 1956, §3-5-20, which authorizes the department of business regulation to make and promulgate such rules, and §3-2-2 which specifically designates the liquor control administration as the appropriate agency within the department for such purpose. Some question has been raised as to the lack of a proper showing that the administrator had been authorized by the department director to act in the premises. No such question has been raised by the director, however, and is therefore not relevant by virtue of G. L. 1956, §42-6-8.

Although no statutory provision exists as a prerequisite to the adoption or promulgation of any rule or amendment

thereto, the administrator advertised and conducted the hearing of September 3, 1959 in compliance with an executive order issued by the then governor on July 1, 1959. It would seem that the intendment of said order was to provide for such a public hearing as a matter of executive policy, if practicable, whenever any rule affecting the public was to be promulgated, amended or repealed. The order, or directive, applied to all departments over which the governor could properly exercise control and was not limited to the department of business regulation or the liquor control administration.

It further appears from the record that in response to the public notice numerous wholesale and retail alcohol beverage licensees appeared in person or were represented by counsel at the September 3, 1959 hearing. Norman E. Gillespie, the then administrator, called it to order, caused the proposed amendment to be read, and allotted an hour for each contending faction to register its views. Time was also allotted for the general public as distinguished from licensees.

The petitioners were among those to be heard in person, or represented by counsel, as favoring the adoption of the proposed amendment. Among those appearing in opposition were licensees who subsequently appealed from the promulgation of the amendment to the board and were permitted by this court to intervene in the instant proceedings as amici curiae.

Considerable testimony, documents and petitions were received by the administrator on both sides of the question. He adjourned the hearing assuring all parties that their respective views would be carefully weighed and considered by him in passing on the advisability of promulgating the proposed amendment. The transcript of the hearing was subsequently introduced as an exhibit at the hearing before the board and was certified to this court as a part of the record in the instant proceedings.

The record further discloses that on October 8, 9 and 10, 1959 there appeared in the Providence Journal, a daily newspaper published in the city of Providence, the following notice:

"State of Rhode Island
Business Regulation
Liquor Control Division

Oct. 7, 1959

Amendment of Rule promulgated pursuant to Section 3-5-20 of Title 3 of the General Laws of Rhode Island, 1956, as amended, as follows:

Rule 53, as amended. No alcoholic beverages shall be sold by any manufacturer or wholesaler to any retailer, nor shall any retailer purchase any alcoholic beverages except for cash or on terms requiring payment by the purchaser within thirty days from date of delivery, provided, however, that current accounts payable, at the time of the effective date of this rule, for the purchase of malt beverages by retailers shall be liquidated within one year from the effective date of this rule.

Each delivery of alcoholic beverages to a licensee shall be accompanied by an invoice of sale or delivery slip which shall bear as its date, the date of delivery of such alcoholic beverages.

No manufacturer or wholesaler shall sell, except for cash, any alcoholic beverages to any retailer with knowledge that such retailer is in arrears for the payment of such alcoholic beverages, as provided by this rule, nor shall any retailer purchase any alcoholic beverages except for cash while in arrears for the payment of any alcoholic beverages, as provided by this rule, unless written permission of the Liquor Control Administrator is granted to a retailer because of death, sickness, hardship, or other good cause shown and under such terms and conditions as the Administrator deems necessary. All purchases of alcoholic beverages on credit by a retailer under such written permission of the Liquor Control Administrator shall be reported to the Administrator

by the manufacturer or wholesaler and by the re-
tailer.

Effective date October 22, 1959.

Norman E. Gillespi
Liquor Control Administrator"

G. L. 1956, §3-5-20, provides in part:

"* * * the adoption or authorization of rules or
regulations by the department and the modification or
repeal of any rules and regulations previously adopted
shall be by written order of said department, notice
of entry of which shall be published three (3) times
in a daily newspaper published in the city of Provi-
dence, the last publication to be not less than ten (10)
days prior to the effective date of such rule or regula-
tion, authorization, modification or repeal * * *."

The foregoing section further provides:

"* * * and any person, firm or corporation directly
and adversely affected thereby may appeal from the
entry of such order to the liquor control hearing board
within five (5) days after such last publication of
notice, in accordance with such rules of procedure as
shall be established by said hearing board, for a deter-
mination of the reasonableness and validity of such
rule, regulation, authorization, modification or repeal
* * *."

Thereafter, within five days of the last publication, nu-
merous wholesale and retail licensees appealed to the board
as persons or firms having been directly and adversely af-
fected. Since the effect of the rule as thus amended was
to restrict the granting of credit by wholesalers and the use
of credit by retailers, we entertain no doubt about their
right to appeal to the board under G. L. 1956, §§3-3-5 and
3-5-20.

An examination of the record before us discloses that the
board apparently met to hear such appeals on February 16,
1960. At that time it was composed of William Gersten-
blatt, Charles Bourgault and Michael Addeo. There is no
transcript of that hearing for the reason that prior to the
next meeting of the Board Michael Addeo had been re-

placed by Ronald R. Gagnon, and the board as newly constituted apparently decided in the interest of expediency and for the benefit of the new member to ignore the previous single session in favor of a fresh start.

The board commenced the new hearing on March 11, 1960 and thereafter received evidence, oral and documentary, at a series of sessions, the last being held on September 19. The chairman announced that the hearing was concluded and all parties in interest agreed to submit written arguments on or before October 31, 1960.

Thereafter member Bourgault deceased and the parties were notified that the remaining members were apparently equally divided on the question of sustaining or denying the appeal and that the board would meet on March 23, 1961 for the purpose of hearing argument as to the legal effect of a split decision. No transcript of the March 23, 1961 meeting was made and whatever may have occurred there is not part of the record before us.

In any event the board discarded what has been referred to as the "second hearing" and commenced a new hearing on May 1, 1961. The transcripts of the previous hearing were offered in evidence but excluded by the board, who ruled that the evidence contained therein must be introduced anew if the parties wished to have it considered as part of the present hearing. The exhibits were reintroduced but much of the oral testimony was not again offered.

The record also discloses that prior to the commencement of the May 1, 1961 hearing, J. Joseph Fitzpatrick, Jr., was appointed to fill the vacancy resulting from the death of Charles Bourgault. He participated in the hearing commenced May 1 and concluded September 19 but resigned prior to the entry of a decision by the board on October 17, 1961. On that date members Gerstenblatt and Gagnon, limiting their findings to the record compiled at the hearing commenced May 1, 1961, voted unanimously to sustain the

appeal and entered their decision quashing the amendment as promulgated.

The petitioners contend that the equal division of the members on the record of the so-called "second hearing" had the legal result of denying the appeal and sustaining the rule as amended. They also contend, inter alia, that the board erred as a matter of law in excluding the record compiled at the "second hearing." In the view we take of these proceedings, however, we do not reach any of the contentions which they advance in support of their petition.

These proceedings were brought pursuant to the provisions of G. L. 1956, §3-3-9, the pertinent provision of which is as follows:

> "The said department or any party in interest, if aggrieved by a decision of said board shall have the right, within seven (7) days from the date of the decision of said board, to petition the supreme court of the state of Rhode Island for a writ of certiorari to review any questions of law involved."

The "said department" refers to the department of business regulation, but that department is not a party to these proceedings. Indeed, the attorney general, who in the normal course of events might be expected to represent the department, has appeared as counsel for respondent and associated with those appearing as amici curiae in opposition to the standing of petitioners as aggrieved parties in interest. The record discloses that the administrator, functioning as the department, at the hearing before the board was represented by special counsel in the interest of establishing the validity and reasonableness of the amended rule as promulgated. No such appearance has been entered in these proceedings, however, and petitioners, it is contended, have no standing within the meaning of the applicable statute.

The petitioners in their petition recite that they are a Rhode Island corporation and certain members thereof who are wholesale distributors of malt beverages holding class A

and class B licenses. Although it is clear from the record that they are unquestionably parties in interest, their status as persons aggrieved is far more troublesome. Out of an abundance of caution we have carefully reviewed the record compiled before both the administrator and the board. It appears therefrom that petitioners vigorously advocated the promulgation of the proposed amendment out of a conviction that although the enforcement of the amendment would necessarily restrict their business practices, the net effect in their opinion would be to eliminate or curb competitive practices which are not in the interest of temperance or the reasonable control of the liquor traffic.

Assuming, however, that their position is sound as a matter of policy, the declaration or establishment of policy is the exclusive prerogative of the legislature. That body has declared the purpose of its legislation as contained within §3-1-5 to be "the promotion of temperance and for the reasonable control of the traffic in alcoholic beverages." To that end it has expressly legislated in some particulars and has left to the department of business regulation, liquor control administration, the responsibility for implementing its policy through the promulgation of rules and regulations. It has seen fit to vest another agency, the respondent board, with jurisdiction to exercise their independent judgment as to the validity and reasonableness of any rule so promulgated. The legislature has further mandated that judicial review of respondent board's action shall be open only to persons aggrieved, and not otherwise.

We do not think that the instant petitioners so qualify. Upon the promulgation of the amended rule, an authorized appeal was taken to the board and this resulted in staying or suspending the action taken by the administrator. G. L. 1956, §3-3-6. The petitioners therefore were never subject to the rule as amended, and the quashing thereof by the board leaves them exactly in the position they enjoyed, or to which they were subject, prior to the promulgation by

the administrator. The result for them is as though the amendment had never been promulgated or considered.

It may well be that licensees who hold their licenses subject to such rules and regulations as provided in §3-5-20 could qualify as persons aggrieved within the meaning of §3-3-9 in the event that an existing rule were to be repealed. Such would have the effect of changing their position; but the failure of the department in the first instance, or the board on appeal, to promulgate a particular rule or regulation, however desirable, leaves them in no position whereby for the purposes of judicial review they can be said to be aggrieved.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board.

*Jacob S. Temkin, Samuel A. Olevson*, for petitioners.

*J. Joseph Nugent*, Attorney General, for respondent.

*John T. Walsh*, for Nocera Liquor Mart, Inc.; *John J. Coffey, for* S. Adelson & Co., et al.; *William J. McGair*, for Mollie Strashnick et al., Amici Curiae.